IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHEN CODY                                                    PLAINTIFF

                 v.                  Civil No. 6:10-cv-06070

MS. MARGARET, Probation and
Parole Office; and MS. RHONDA WARE,
Probation and Parole Office                                    DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Steven Cody, an inmate of the Arkansas Department of Correction, Maximum Security Unit, Tucker, Arkansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Cody's complaint was filed *in forma pauperis* (IFP). Defendants have filed a motion (Doc. 16) asking that Cody's IFP status be revoked based on the three strikes provision of the Prison Litigation Reform Act. Plaintiff has not responded to the motion.

**I. Background**

According to the allegations of the complaint, on February 3, 2008, Cody was working at the Arkadelphia Southwest Food Bank as part of his community service hours ordered by the Clark County Circuit Court. Ms. Rhonda Ware, Cody's probation officer, approved Cody's working at the food bank. Cody states she did this despite knowing what kind of people worked there.

Cody was placed at the food bank by Ms. Margaret, a probation officer. Cody alleges he was injured on February 3, 2008, by an employee of the food bank, Randall McClure, when he overturned seven cases of canned goods.

Cody maintains that the incident was the result of McClure having taken crack-cocaine. Cody alleges that Ms. Erma, the owner/manager of the food bank was aware McClure's drug use. Cody points out McClure was a convicted felon participating in drug court. Cody alleges Erma knew

McClure was under the influence of drugs on February 3rd and still allowed him to work and operate machinery.

Cody seeks declaratory and injunctive relief. He also seeks compensatory and punitive damages against each Defendant.

## II. Discussion

As part of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failing to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Since the filing of the instant action, it has come to the Court's attention that Cody has at least three previous actions that qualify as strikes against him under section 1915(g). *See e.g., Cody v. Arkansas Food Bank Network, et al.,* Civil No. 4:09cv-00089 (E.D. AR; dismissed as frivolous on February 9, 2009); *Cody v. Harris, et al.,* Civil No. 4:09-cv-00145 (E.D. AR; dismissed as frivolous

on March 18, 2009); *Forrest, Cody, et al. v. Bowers, et al.*, Civil No. 1:11-cv-00026 (E.D. AR; dismissed as frivolous on Mary 31, 2011). In addition, Cody has had at least one case dismissed based on the three strikes provision, *Elps, Cody et al. v. Lewis, et al*, Civil No. 5:11-00165 (E.D. AR; dismissed on July 11, 2011),

Cody has not alleged any facts to indicate that he is under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). Therefore, Cody is not eligible for IFP status.

### III. Conclusion

Accordingly, I recommend that Defendants' motion to revoke Cody's IFP status (Doc. 16) be granted and that this action be dismissed without prejudice to Cody's right to re-open it with payment of the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee). Cody should be instructed to file a motion to reopen the action upon payment to the United States District Clerk of the proper filing fee.

It should be noted that, in the event that Cody tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas. In addition, Cody is precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury. It is therefore recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Steven Cody seeks to proceed IFP. The magistrate judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Cody has not

asserted a valid claim that he is under imminent danger of serious physical injury, the magistrate judge shall recommend that IFP status be denied.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 12th day of March 2012.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE