IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHEN CODY                                                                   PLAINTIFF

                v.                Civil No. 6:10-cv-06070

MS. MARGARET, Probation and Parole
Office; and MS. RHONDA WARE,
Probation and Parole Office                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Stephen Cody, currently an inmate of the Arkansas Department of Correction, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The case is before the Court on a motion to dismiss (Doc. 25) filed by the Defendants. Plaintiff filed a response (Doc. 27) and the motion is now ready for decision.

**1. Background**

According to the allegations of the complaint, on February 3, 2008, Cody was working at the Arkadelphia Southwest Food Bank as part of his community service hours ordered by the Clark County Circuit Court. Ms. Rhonda Ware, Cody's probation officer, approved Cody working at the food bank. Cody states she did this despite the fact that she knew what kind of people worked there.

Cody was placed at the food bank by Ms. Margaret, a probation officer. Cody alleges he was injured on February 3, 2008, by an employee of the food bank, Randall McClure, when he overturned seven cases of canned goods. Cody initially named Ms. Erma, the owner/manager of the Food Bank and Randell McClure the driver of the fork lift as Defendants. However, they were dismissed from the case by order entered on June 8, 2011.

Cody maintains that the incident was the result of McClure having taken crack-cocaine.

Cody has sued the Defendants in both their official and individual capacities. Cody seeks declaratory and injunctive relief. He also seeks compensatory and punitive damages against each Defendant.

### 2. Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants move for dismissal of the official capacity claims on the grounds of sovereign immunity. On the individual capacity claims, Defendants maintain the claims fail as a matter of law since there is no deliberate indifference on their part. I agree.

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998)(citation omitted).

Here, Defendants work for the Arkansas Department of Community Correction. Therefore, the official capacity claims are the equivalent of claims against the State of Arkansas.

The claims against the State of Arkansas are subject to dismissal. The claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

This leaves the individual capacity claims. "[P]rison working conditions are subject to scrutiny under the Eighth Amendment." *Stephens v. Johnson*, 83 F.3d 198, 200 (8th Cir. 1996). Eighth Amendment claims have both an objective and a subjective element. First, the conditions at issue must be objectively sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825 (1994). Second, the prisoner must show that the official acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This state of mind in cases challenging prison conditions is deliberate indifference to inmate health or safety. *Id.* at 302-03.

Accepting the allegations of the complaint as true, at most Defendants acted negligently. It is not alleged that there were prior accidents at this work site. The mere fact that the work force included individuals in drug court did not put the Defendants on notice that there was any danger to Plaintiff's safety. Mere negligence or inadvertence is insufficient to constitute deliberate indifference. *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993)(holding in the workplace safety

context that deliberate indifference requires a showing of more than mere negligence).

### 4.  Conclusion

I therefore recommend that the motion to dismiss (Doc. 25) be granted and the case dismissed as the claims are frivolous, fail to state claims upon which relief may be granted, or are against parties immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).  The dismissal of this case will count as a strike under 28 U.S.C. § 1915(g).  The Clerk should be directed to place a § 1915(g) case flag on this case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of November 2013.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE